UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCA AJAI NDETA LUMUMBA,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY; PIERCE COUNTY JAIL; PIERCE COUNTY SHERIFF'S OFFICE; NAPHCARE INC; MULTICARE HEALTH SYSTEM; JOSHUA PILAND; ALEX UTI; JOHN DOES 1-10; JANE DOES 1-5,<br><br>Defendant. | Case No. 3:25-cv-05381-TMC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Before the Court is pro se Plaintiff Francisca Ajai Ndeta Lumumba's motion to appoint counsel. Dkt. 14. For the reasons explained below, the Court DENIES Ms. Lumumba's motion.

## I.   BACKGROUND

Ms. Lumumba started this case by filing a motion to proceed *in forma pauperis* ("IFP") on May 5, 2025. Dkt. 1. United States Magistrate Judge David W. Christel granted Ms. Lumumba's IFP application, *see* Dkt. 5, and her complaint was filed on May 15, 2025,

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Dkt. 6. Ms. Lumumba twice moved for leave to file an amended complaint on May 15 and May 30. *See* Dkt. 7, 9. The Court granted Ms. Lumumba's motion for leave to file a second amended complaint, Dkt. 11. The second amended complaint adds Defendants NaphCare, Inc., MultiCare Health System, Alexandra M. Brown, Joshua Piland, and Alex Uti. Dkt. 12. It alleges that Defendants used excessive force during her arrest and detention and failed to provide adequate medical care despite her preexisting disabilities. *Id.* at 3. Based on these allegations, the complaint states several causes of action, including violations of the United States Constitution, Americans with Disabilities Act ("ADA"), Rehabilitation Act of 1973, and Washington state laws. *Id.*

On June 17, 2025, Ms. Lumumba filed a motion for court-appointed counsel. Dkt. 14. Ms. Lumumba states that she tried to contact attorneys between February and June 2025 but was unsuccessful because her speech and cognitive limitations "made it difficult to clearly explain the full scope of my case." *Id.* at 2. She explains, "I often struggle to summarize the legal and medical facts in a way that they can immediately understand[,]" which has "hindered my ability to secure representation despite consistent efforts." *Id.*

## II.   DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues

involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel[.]" *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While "any pro se litigant certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. *Rand*, 113 F.3d at 1525. They must show that they are unable to articulate their position because of the complexity of their claims. *See id*.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. Although the Court understands the difficulty Ms. Lumumba faces in finding counsel and appreciates the information she has provided, she has not identified circumstances rendering her case "exceptional" or of such complexity that warrants appointment of counsel. *See Agyeman*, 390 F.3d at 1103–04. The Court also recognizes that Ms. Lumumba is proceeding IFP and satisfies the standard for indigency. *See* Dkt. 5. But Ms. Lumumba's attempts to contact attorneys at this early stage of litigation do not mean that additional efforts to find counsel will not succeed. *See* Dkt. 14 at 2.

Furthermore, the case has not proceeded beyond the pleading stage, and the Court does not yet have sufficient information to assess Ms. Lumumba's likelihood of success. *See Burrus v. Jackson*, No. 2:23-CV-01968-BHS-GJL, 2024 WL 3069369, at *2 (W.D. Wash. June 20, 2024) ("Because it is so early, the Court cannot determine the complexity of the legal issues involved,

the need for counsel to aid in any discovery, or the potential need for an evidentiary hearing in this case.").

Ms. Lumumba has shown that she is able to file pleadings and motions in the case and explain the basis for her allegations. For example, Ms. Lumumba has alleged Defendants violated her constitutional and statutory rights by "denying her prescribed medications, medically required diet, and adequate medical care despite a documented traumatic brain injury (TBI)[.]" Dkt. 12 at 1. While Ms. Lumumba may benefit from the assistance of legal counsel, she has not shown the case exhibits significant complexity, a likelihood of success on the merits, or that she is unable to articulate her claims. *See Agyeman* at 1103–04; *Rand*, 113 F.3d at 1525.

### III.   CONCLUSION

This case does not present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES Ms. Lumumba's motion (Dkt. 14). The Court encourages Ms. Lumumba to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of August, 2025.

Tiffany M. Cartwright
United States District Judge