UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCA AJAI NDETA LUMUMBA,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY; PIERCE COUNTY JAIL; PIERCE COUNTY SHERIFF'S OFFICE; NAPHCARE INC; MULTICARE HEALTH SYSTEM; JOSHUA PILAND; ALEX UTI; JOHN DOES 1-10; JANE DOES 1-5,<br><br>Defendant. | Case No. 3:25-cv-05381-TMC<br><br>ORDER GRANTING MOTION TO SUPPLEMENT COMPLAINT |

This matter comes before the Court on pro se Plaintiff Francisca Ajai Ndeta Lumumba's motion for leave to file a supplemental complaint. Dkt. 30. For the reasons provided below, the Court GRANTS the motion.

### I. BACKGROUND

Ms. Lumumba's complaint was filed on May 15, 2025. Dkt. 6. The Court granted Ms. Lumumba's motion for leave to file a second amended complaint on June 5, 2025. Dkt. 11.

ORDER GRANTING MOTION TO SUPPLEMENT COMPLAINT - 1

The second amended complaint added Defendants NaphCare, Inc., MultiCare Health System, Alexandra M. Brown, Joshua Piland, and Alex Uti. Dkt. 12. It alleged that Defendants used excessive force during her arrest and detention in Pierce County Jail and failed to provide adequate medical care despite her preexisting disabilities. *Id.* at 3. Ms. Lumumba brought several claims against Defendants for violations of the United States Constitution, Americans with Disabilities Act ("ADA"), Rehabilitation Act of 1973, and Washington state laws. *Id.*

On July 10, 2025, Ms. Lumumba moved for leave to file a supplemental complaint. Dkt. 30. The supplemental complaint contains additional facts relating to Ms. Lumumba's medical conditions and Defendants' conduct during her arrest and detention. *See* Dkt. 30-2 at 2–6. It also adds new causes of action which include violations of the First Amendment of the United States Constitution, the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), the Abuse of Vulnerable Adults Act, RCW 74.34, the Involuntary Treatment Act, RCW 71.05, the Public Records Act, RCW 42.56, and RCW 43.43.830. *Id.* at 2.

## II.    DISCUSSION

### A.    Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts must apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court has discretion to grant or deny a request to amend but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman*, 371 U.S. at 182. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to

facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Chudacoff*, 649 F.3d at 1152.

B.  **Leave to Amend**

The Court grants Ms. Lumumba's request for leave to file the supplemental complaint. The Court must grant leave to amend "freely" and "with extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence*, 316 F.3d at 1051. This standard is applied with greater liberality to pro se plaintiffs such as Ms. Lumumba. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (citation omitted); *see Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (the Court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend.") (citation omitted); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend[.]").

Defendants have not opposed Ms. Lumumba's motion and Ms. Lumumba's proposed amendments do not appear to be futile or made in bad faith. *See Chudacoff*, 649 F.3d at 1152. The supplemental complaint adds factual details regarding her preexisting medical conditions and Defendants' actions during her arrest and detention. *See* Dkt. 30-2 at 2–6. As for prejudice against Defendants, Ms. Lumumba's core allegations remain the same and the addition of facts may instead aid in a more "complete adjudication" of this proceeding. *Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *2 (N.D. Cal. Apr. 13, 2015). At this early stage of the case, the proposed amendments should not cause any delay nor any other prejudice to the Defendants. *See Chudacoff*, 649 F.3d at 1152.

Accordingly, given Ms. Lumumba's pro se status and the Court's obligation to liberally construe filings by pro se litigants, the Court will treat the new supplemental complaint, Dkt. 30-2, and the second amended complaint, Dkt. 12, together as the operative complaint. *See Erickson*

ORDER GRANTING MOTION TO SUPPLEMENT COMPLAINT - 3

*v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed,. . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (citation modified).

### III.   CONCLUSION

The Court thus GRANTS Ms. Lumumba's motion to file a supplemental complaint (Dkt. 30). The Clerk is directed to file the supplemental complaint at Dkt. 30-2 as part of Ms. Lumumba's amended complaint at Dkt. 12.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of August, 2025.

Tiffany M. Cartwright
United States District Judge