1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCA AJAI NDETA LUMUMBA,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY; PIERCE COUNTY JAIL; PIERCE COUNTY SHERIFF'S OFFICE; NAPHCARE INC; MULTICARE HEALTH SYSTEM; JOSHUA PILAND; ALEX UTI; JOHN DOES 1-10; JANE DOES 1-5,<br><br>Defendant. | Case No. 3:25-cv-05381-TMC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

Before the Court is pro se Plaintiff Francisca Ajai Ndeta Lumumba's motion for preliminary injunction. Dkt. 15. For the reasons explained below, the motion is DENIED.

**I.   BACKGROUND**

On January 1, 2025, Ms. Lumumba was arrested and detained at Pierce County Jail. Ms. Lumumba alleges that at the time of her arrest, she had been recently discharged from the ICU due to a traumatic brain injury with "multiple fractures, sinus precautions, facial trauma,

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 1

and a residual stoma site and wound care plan[.]" Dkt. 30-2 at 2. Ms. Lumumba asserts that her "mobility was limited, and she required 2 person assist to use a walker and cervical collar." *Id.* Despite "visible and physical impairment," Ms. Lumumba alleges that she was "subjected to excessive force and medical neglect during custodial processing by Pierce County deputies and contracted medical providers." *Id.*

Specifically, Ms. Lumumba asserts that she was transported in a sheriff's sedan "despite clear evidence that she could not be properly seat belted due to injuries." *Id.* at 3. And once she was taken into Pierce County Jail, she was "placed in a normal jail cell without any accommodation despite her severe mobility limitations." *Id.* Ms. Lumumba alleges that she was given regular jail food even though she had a "medically documented need for pureed food due to dysphagia" and "was unable to eat during her custody and was further physically weakened." *Id.* Based on these allegations, Ms. Lumumba raises several causes of action asserting that Defendants violated her rights under the United States Constitution, federal law, and Washington state law. *See id.* at 2; Dkt. 12 at 3.

On June 17, 2025, Ms. Lumumba filed a motion for preliminary injunction requesting that the Court order Defendants: (1) "Preserve and produce all documentation, video, and communications related to Plaintiff's arrest, detention, and medical care on or about January 1, 2025"; (2) "Authenticate Plaintiff's jail records with sworn declarations from NaphCare Inc."; (3) "Disclose the full Internal Affairs investigation file and rationale for closing the complaint"; (4) "Refrain from retaliatory conduct or suppression of records"; and (5) "Immediately cease any violations of Plaintiff's constitutional rights or disability protections pending final judgment." Dkt. 15 at 1.

On July 8, 2025, Defendants Pierce County, Pierce County Jail, Pierce County Sheriff's Office, Joshua Piland, and Alex Uti responded. Dkt. 23. Defendant MultiCare Health System

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 2

joined this response and stated that it should not be ordered to retain Ms. Lumumba's medical records as it was already required to do so under RCW 70.41.190. Dkt. 28 at 2. Ms. Lumumba replied on July 11, 2025. Dkt. 31. The motion is fully briefed and ripe for the Court's decision.

## II. DISCUSSION

### A. Legal Standard

A preliminary injunction "is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citation modified).

"To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Moreover, while stronger showings of certain factors may compensate for lesser showings of others, this "sliding scale" approach does not apply to the "irreparable harm" prong, which always requires the movant to show a "*likelihood*" of harm, not a mere possibility. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (emphasis added) (citing *Winter*, 555 U.S. at 22). Monetary injury is generally not "irreparable," as monetary damages awarded in a final judgment are usually adequate to redress the harm, thus obviating the need for temporary preliminary relief. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022); *Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1234 (E.D. Cal. 2015) ("Injunctive relief is only available when legal remedies are 'inadequate.'").

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 3

"[T]he mere allegations of a complaint" do not suffice to obtain a preliminary injunction, *Takiguchi v. MRI Int'l, Inc.*, 611 F. App'x 919, 921 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20), but the evidence submitted in support "need not strictly comply with the Federal Rules of Evidence." *CI Games S.A. v. Destination Films*, No. 2:16-cv-05719-SVW-JC, 2016 WL 9185391, at *11 (C.D. Cal. Oct. 25, 2016) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

### B.    Ms. Lumumba has not established a likelihood of success on the merits or a showing of irreparable harm.

Ms. Lumumba has not established a likelihood of success on the merits of her requests related to document preservation and production. *See* Dkt. 15 at 1. Although Ms. Lumumba argues that Defendants have "falsified records," she has not provided evidence that Defendants unlawfully withheld or concealed information. *See Leon v. IDX Sys. Corp.*, No. C03-1158 P, 2004 WL 5571412, at *3 (W.D. Wash. Sept. 30, 2004), *aff'd*, 464 F.3d 951 (9th Cir. 2006) ("A litigant or potential litigant is under a duty to preserve evidence in his possession that he knows or should know is relevant to litigation or which might lead to the discovery of admissible evidence.") (citation omitted). RCW 70.41.190 obligates hospitals such as Defendant MultiCare Health Systems to "retain and preserve all medical records which relate directly to the care and treatment of a patient[.]" RCW 70.41.190. But Ms. Lumumba does not explain why MultiCare Health System would not comply with state law or why a preliminary injunction would otherwise be necessary to preserve her medical records. *See generally* Dkt. 15.

Ms. Lumumba also does not establish she will suffer irreparable harm if the Court does not order Defendants to preserve and produce the requested documents. *See id.* Federal Rule of Civil Procedure 26(f) requires parties meet and discuss "the nature and basis of their claims and defenses," and "the possibilities for promptly settling or resolving the case[.]" Fed. R. Civ. P.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 4

26(f). It also requires parties to discuss preserving discoverable information and develop a proposed discovery plan. *Id.* The Court has issued an initial scheduling order which set a September 11, 2025 deadline for the 26(f) conference. Dkt. 21. Ms. Lumumba has not shown a need to bypass the ordinary course of discovery and require Defendants to produce documents before the 26(f) conference. *See* Dkt. 15; Dkt. 31.

With respect to Ms. Lumumba's request that the Court order Defendants to cease any violation of her constitutional rights or disability protections, there is no evidence that she will suffer irreparable harm if the preliminary injunction is not granted. *See* Dkt. 15 at 2. Specifically, Ms. Lumumba has not shown there is "immediate threatened injury" given that she was released from Pierce County Jail on January 2, 2025 and there is no evidence she faces reincarceration. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *see* Dkt 15-1 at 13. And though Ms. Lumumba explains that she suffers ongoing physical injuries, they arise from her past arrest and detention. *See* Dkt. 31 at 6–7; *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("past wrongs do not in themselves amount to that real and immediate threat of injury"). If Ms. Lumumba succeeds on her claims, she will be entitled to monetary damages, thus eliminating the need for temporary preliminary relief. *See hiQ Labs, Inc.*, 31 F.4th at 1188.

Accordingly, because Ms. Lumumba has not established a likelihood of success on the merits or irreparable harm in the absence of preliminary relief, the Court DENIES the motion for preliminary injunction.

### III.    CONCLUSION

Ms. Lumumba's motion for preliminary injunction (Dkt. 15) is DENIED. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of August, 2025.

                                          Tiffany M. Cartwright
                                          United States District Judge

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 6