UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCA AJAI NDETA LUMUMBA,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY; PIERCE COUNTY JAIL; PIERCE COUNTY SHERIFF'S OFFICE; NAPHCARE INC; MULTICARE HEALTH SYSTEM; JOSHUA PILAND; ALEX UTI; JOHN DOES 1-10; JANE DOES 1-5,<br><br>Defendants. | Case No. 3:25-cv-05381-TMC<br><br>ORDER ON PENDING MOTIONS AT DKT. 113, 114, AND 122 |

## I. ORDER

On October 22, 2026, the Court held a hearing on the motions pending at Dkt. 113, Dkt. 114, and Dkt. 122. For the reasons explained on the record, the Court ORDERS as follows:

1. The motion to quash filed by former Defendants Multicare and Alexandra Brown (Dkt. 113) is GRANTED IN PART and DENIED IN PART. No later than November 15, 2026, Multicare and Brown are ordered to produce documents responsive to the narrowed request identified by Ms. Lumumba in the first row of the chart provided in her response brief at Dkt. 117 at page 9: "Existing contemporaneous notes and communications showing the evaluation timing,

booking status known to MHS or Brown, the disposition, and when and how that disposition was communicated to Pierce County personnel." The Court otherwise finds that the relevant and proportional documents sought by the subpoena have already been produced by MultiCare, and that the remaining requests in the subpoena should be quashed under Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

2. The motion to appoint filed by Ms. Lumumba (Dkt. 114) is DENIED. The Court finds that the case does not warrant a court-appointed expert on causation under Federal Rule of Evidence 706. *Armstrong v. Brown*, 768 F.3d 975, 985 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters.").

3. The motion for an extension of time filed by Ms. Lumumba (Dkt. 122) is GRANTED. The parties shall meet and confer on a proposed extension to the case schedule and submit a joint status report containing their proposal no later than October 30, 2026. The Court will then enter a new trial date and pretrial deadlines, beginning with the deadline for expert disclosures.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of October, 2026.

Tiffany M. Cartwright
United States District Judge